UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANELLE ALEMAN, | § | No. SA:13–CV–035–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WEST BUSINESS SOLUTIONS, | § | |
| LLC, d/b/a WEST CUSTOMER | § | |
| MANAGEMENT GROUP, LLC, | § | |
| | § | |
| Defendant. | § | |

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is a motion filed by Plaintiff Janelle Aleman. (Dkt. # 47.) Pursuant to Local Rule CV-7(h), the Court finds these matters suitable for disposition without a hearing. After reviewing the Motions and the supporting memoranda, the Court **DENIES** Plaintiff's Motion. (Dkt. # 47.)

BACKGROUND

The instant motion involves a lawsuit Janelle Aleman filed against West Business Solutions, LLC ("West," or "Defendant") challenging her termination from West. The lawsuit challenges her termination on the grounds of unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* for complaints about harassment and discrimination. (Dkt. # 1 ¶¶ 21–22.)

1

On November 4, 2013, West filed a Motion for Summary Judgment. (Dkt. # 24.) The Court issued an order on December 4, 2013 granting Defendant's Motion for Summary Judgment, and specifically finding that Ms. Aleman failed to allege sufficient facts to establish a prima facie case of retaliation. (Dkt. # 32 at 6.) On the same day, final judgment was entered in Defendants' favor. (Dkt. # 33.) On December 13, 2013, Plaintiff filed a Motion for Reconsideration (Dkt. # 34), which was denied on December 17, 2013. (Dkt. # 35.) On January 6, 2014 and January 27, 2014, the Court denied Ms. Aleman's motions for leave to file her second and third motions for reconsideration. (Dkts. ## 37, 41.) On February 18, 2014, Ms. Aleman filed a notice of her appeal to the Fifth Circuit Court of Appeals. (Dkt. # 42.) On June 9, 2014, the Fifth Circuit Court of Appeals' order dismissing the appeal for lack of jurisdiction was filed with the court. (Dkt. # 46.) On January 15, 2016, Ms. Aleman filed the instant Pro Se Motion for Extension of Time on Review By Another Federal Judge. (Dkt. # 47.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows a court to grant relief from a final judgment in certain circumstances:

> mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or

>  discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."  Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005).  This relief "is considered an extraordinary remedy," and "the desire for a judicial process that is predictable mandates caution in reopening judgments."  In re Pettle, 410 F.3d 189, 191 (5th Cir. 2005) (quoting Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir. 1998)).

## DISCUSSION

It appears that Plaintiff's Motion for Extension of Time on Review By Another Federal Judge is effectively a fourth attempt to file a Rule 60(b) motion for relief from this Court's final Judgment granting Defendant's Motion for Summary Judgment and Order dismissing all claims.[1]  (Dkt. # 47.)  Ms. Aleman wishes to consolidate her case with the case styled Herminia S. Aleman v. West Business Solutions, LLC; however, summary judgment was granted in favor of

---

[1] Courts must liberally construe the filings of pro se litigants.  Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Winland v. Quarternamn, 578 F.3d 314, 316 (5th Cir. 2009) (noting the "well-established precedent requiring that [the court] construe pro se briefs liberally").  Accordingly, courts hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers."  Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) (quoting Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002)).

Defendant West in the above-mentioned case on August 8, 2014.  No. 31, Civ. 5–13–CV–994 (W.D. Tex. Aug. 8, 2014).  The Fifth Circuit Court of Appeals affirmed that judgment on April 16, 2015.  <u>Aleman v. West Business Solutions, L.L.C.</u>, 599 Fed. App'x 559 (5th Cir. Apr. 16, 2015).  Accordingly, consolidation is not appropriate.  Further, Fifth Circuit Rule 42.4, which sets forth applicable time limits and procedures for parties seeking a clerk's stay of further proceedings,[2] is inapplicable to the instant proceeding before the Federal District Court.

      Ms. Aleman's Motion does not allege any new facts supporting grounds for relief, nor does she suggest any reason why the Court's prior judgment is void, as she as she must to raise a successful motion for reconsideration.  Further, Ms. Aleman has not demonstrated that any other conditions exist justifying the grant of an "extraordinary remedy."

---

[2] Fifth Circuit Rule 42.4 states:

> In acting on a motion under 5th Cir. R. 27.1.3 to stay further proceedings, the clerk may enter such appeals or agency review proceedings as dismissed without prejudice to the right of reinstatement of the appeal within 180 days from the date of dismissal.  Any party desiring reinstatement, or an extension of the time to seek reinstatement, must notify the clerk in writing within the time period allowed for reinstatement . . . If the appeal is not reinstated within the period fixed, the appeal is deemed dismissed without prejudice.  However, an additional period of 180 days from the date of dismissal will be allowed for applying for relief from a dismissal with prejudice which resulted from mistake, inadvertence, or excusable neglect of counsel or a pro se litigant.

CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Plaintiff's Motion for Extension of Time on Review By Another Federal Judge (Dkt. # 47).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, February 3, 2016

_____
David Alan Ezra
Senior United States Distict Judge